UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAMON CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-11 |
| | ) |
| CITY OF HOBART, CITY OF HOBART | ) |
| POLICE DEPARTMENT, OFFICER | ) |
| G. VIATOR #104, in his individual and | ) |
| official capacity, SERGEANT CLAUSSEN, | ) |
| in his individual and official capacity, and | ) |
| CEC ENTERTAINMENT, INC., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel Discovery Responses [DE 36] filed by the defendant, Officer G. Viator, on August 21, 2017. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Damon Clemons, initiated this matter on October 11, 2016, in the Lake Superior Court, State of Indiana. The matter was removed to this court on January 11, 2017. On June 7, 2017, Officer Viator served Clemons with Interrogatories, Request for Production of Documents, Expert Interrogatories, and Expert Request for Production of Documents and Authorizations. Officer Viator has indicated that he has not received a response to any of the requests.

Pursuant to Local Rule 37-1, Officer Viator filed a certification indicating that his counsel attempted to resolve this discovery dispute with Clemons' counsel before requesting court intervention. Specifically, to resolve the present dispute Officer Viator has indicated that

on August 2, 2017, his counsel spoke with Clemons' counsel regarding the responses to the outstanding written discovery. The parties agreed to extend the deadline until August 11, 2017. On August 17, 2017, counsel for Officer Viator left a detailed voicemail message for Clemons' counsel. Although, Clemons' counsel indicated that he would provide discovery responses by August 11, 2017, Officer Viator has indicated that he has not received responses to the outstanding discovery requests. Clemons has not objected to this motion, and the time to do so has passed.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see* ***Adams v. Target***, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see* *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

Clemons did not respond or object to the motion. Therefore, he did not meet his burden to demonstrate that the requested discovery is improper. Further, the court finds that the requested information is relevant to Officer Viator's claims and that he attempted in good faith to resolve this discovery dispute before requesting court intervention pursuant to Local Rule 37-1.

"The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al.*, *8B Federal Practice and Procedure Civil* § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that his position was substantially justified. *Rickels*, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. **Federal Rules of Civil Procedure 37(a)(3)(B), (a)(4), (a)(5)**; *Lucas v. GC Services, L.P.*, 226 F.R.D. 328, 329–30 (N.D. Ind. 2004). Federal Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See* **Stookey v. Teller Training Distribs., Inc.**, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A)**. In addition, Federal Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was

"harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir.2004). Thus, Rule 37(a) is a fee-shifting rule, and the loser must pay unless it demonstrates that the movant filed the motion before attempting to obtain the discovery in good faith without court action, its position was "substantially justified," or other circumstances make an expense award unjust.

Because Clemons did not respond to the motion to compel, he did not demonstrate that Officer Viator filed his motion before attempting to obtain the discovery in good faith, that his position was substantially justified, or that other circumstances make an expense award unjust.

Based on the foregoing reasons, the Motion to Compel Discovery Responses [DE 36] is **GRANTED**. Clemons is **ORDERED** to provide full and complete responses to the Interrogatories, Request for Production of Documents, Expert Interrogatories, and Expert Request for Production of Documents and Authorizations within fourteen days of this order. Officer Viator is **DIRECTED** to file an affidavit indicating his fees and expenses within fourteen days of this order.

ENTERED this 12th day of October, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge