UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DAMON CLEMONS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:17 CV 11 |
| CITY OF HOBART, CITY OF HOBART POLICE DEPARTMENT, OFFICER G. VIATOR #104, in his individual and official capacity, SERGEANT CLAUSSEN, in his individual and official capacity, and CEC ENTERTAINMENT, INC., | ) | |
| Defendants. | ) | |

## OPINION and ORDER

On October 19, 2014, plaintiff Damon Clemons was arrested while patronizing a Chuck E. Cheese restaurant in Hobart, Indiana. On October 11, 2016, plaintiff filed suit in Indiana state court, alleging various tort and constitutional claims against the City of Hobart, the Hobart Police Department, and Officer G. Viator, who was directly involved in the arrest. (DE # 5.) Plaintiff alleged that Officer G. Viator was an employee of the Hobart Police Department, which should be held liable for the officer's actions.

According to plaintiff, he later learned that Officer G. Viator was actually employed by CEC Entertainment, Inc. ("CEC") during the incident in question as a private security guard. On December 8, 2016, plaintiff filed an amended complaint in state court, adding CEC as a defendant and correcting its allegations regarding Officer G. Viator's employer to reflect that CEC was the employer when the events occurred.

(DE # 3.) On January 11, 2017, CEC removed the case to federal court, where it was assigned to the undersigned.

CEC has moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, citing the two-year statute of limitations that all parties agree applies to plaintiff's claims against CEC. (DE # 32.) CEC also argues that plaintiff has not perfected service of process of his amended complaint on CEC. (*Id.*) In reviewing a motion under Rule 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). That means that the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.*

The parties do not dispute that the amended complaint was filed past the expiration of the two-year statute of limitations applicable to the claims against CEC. However, the parties disagree as to whether the amended complaint "relates back" to the original complaint, rendering it timely for statute of limitations purposes.

CEC argues that the Federal Rules of Civil Procedure apply, and that, under those rules, plaintiff's amended complaint naming CEC as a defendant does not relate back to the original complaint. However, "[t]he Federal Rules make clear that they do not apply to filings in state court, even if the case is later removed to federal court." *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 (7th Cir. 2001); Fed. R. Civ. P. 81(c) (federal rules govern in removal cases only "after it is removed"). Accordingly,

Indiana's rules on relation back apply in this instance, not the Federal Rules of Civil Procedure. Indiana's rule governing relation back of amendments to pleadings states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind. R. Tr. P. 15(C).

In this case, there is no dispute that the claims asserted in the amended complaint against CEC arose out of the same conduct, transaction, or occurrence set forth in the original complaint, so the first requirement of Rule 15(C) is easily satisfied.

With regard to subsection (1), plaintiff argues that CEC received such notice of the institution of the action that it will not be prejudiced by defending this action. The court agrees. CEC admits that it was served with a copy of the Amended Complaint on or about December 12, 2016, four days after it was filed. (DE # 1 ¶ 3.) Further, the amendment to the complaint came less than 60 days after the original complaint was filed. In the context of a lawsuit alleging personal injury and constitutional harm, 60 days is a short span of time. There is no indication that any significant progress had occurred in the litigation at the time of the amended complaint. Indeed, CEC makes no

3

argument at all that it was prejudiced by the short delay before it was added to the litigation, and the court cannot discern any prejudice, either.

As for subsection (2), regarding knowledge, plaintiff argues that CEC knew or should have known the action would have been brought against it, but for the mistake by plaintiff in naming Officer G. Viator's employer. Under Indiana law, when an identity of interest between the original party and the added party are so closely related in business or other activity that it is fair to assume that the added party learned of the institution of the action shortly after it commenced, notice can be imputed on the added party. *Porter Cty. Sheriff Dep't v. Guzorek,* 857 N.E.2d 363, 369 (Ind. 2006). CEC provides no indication of whether it actually knew of the lawsuit before CEC was named as a defendant, but this court concludes that CEC should have been well aware of the institution of the action against Officer G. Viator. The incident underlying this lawsuit occurred on CEC's property and involved an individual employed by CEC. It is reasonable to infer that CEC was aware of the institution of the action against Officer G. Viator, if not watching its developments closely. Even if CEC wasn't aware, it should have been.

CEC argues that plaintiff may have been mistaken about CEC's employment of Officer G. Viator, but he was not mistaken about CEC's identity. According to CEC, a conscious choice not to sue CEC occurred when the original complaint was filed, not a "mistake." Plaintiff, on the other hand, claims that the original complaint attempted to hold Officer G. Viator's employer liable for his actions. Plaintiff argues that once he

4

discovered who Officer G. Viator's employer really was, he amended his complaint accordingly. Plaintiff points out that the amended complaint does not attempt to hold CEC liable for negligence or impose some form of premise liability on CEC. Rather, plaintiff states that he merely seeks to hold Officer G. Viator's employer responsible for that officer's actions, via the same causes of action he asserted in his original complaint.

The Indiana Supreme Court instructs that the "mistake" condition of Indiana Trial Rule 15(C) "'does not isolate a specific type or form of error in identifying parties, but rather is concerned fundamentally with the new party's awareness that failure to join it was error rather than a deliberate strategy.'" *Guzorek,* 857 N.E.2d at 371 (quoting *In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.,* 815 F. Supp. 620, 644 (S.D.N.Y. 1993)). In *Guzorek*, Indiana law clearly provided a sheriff's department officer with immunity from liability for losses that resulted from acts within the scope of his employment, and the plaintiffs had alleged that the officer was acting within that scope. The Indiana Supreme Court reasoned that it was not a reasonable assumption that plaintiff's legal strategy was to sue an immune party while omitting the proper defendant (the sheriff's department). *Guzorek,* 857 N.E.2d at 372. Instead, it was reasonable to assume that plaintiff's initial failure to name the sheriff's department was a mistake of law or fact. *Id.* The *Guzorek* court ultimately allowed the amended complaint to relate back, avoiding the statute of limitations. *Id.*

Similarly, in this case, plaintiff initially alleged that the Hobart Police Department was Officer G. Viator's employer, for purposes of this case. When it learned

5

that Officer G. Viator was actually working as CEC's employee during the incident in question, it added CEC as a defendant. CEC admits that Officer G. Viator is its employee. (DE # 8 at 2.) It is not a reasonable assumption that plaintiff's legal strategy was to incorrectly state the identity of Officer G. Viator's employer in its initial complaint. Accordingly, the court is persuaded that CEC knew or should have known that, but for plaintiff's mistake concerning the identity of Officer G. Viator's employer, the action would have been brought against CEC.

Finally, CEC argues that service of process was not technically perfected under the Federal Rules of Civil Procedure when plaintiff filed the amended complaint. As explained above, since the amended complaint and the accompanying service or lack thereof occurred while this case was still in state court in Indiana, Indiana's procedural rules apply to the alleged flaw.

Indiana Trial Rule 15(C) does not require service of process on a new defendant added in an amended complaint, but the added party must receive either actual or constructive notice of the legal action. *Guzorek,* 857 N.E.2d at 368. Further, Indiana Trial Rule 4.15(F) instructs that defects in summons or service or process shall not defeat an action, if either was reasonably calculated to inform the defendant of the impending action. *Reed Sign Serv., Inc. v. Reid,* 755 N.E.2d 690, 696 (Ind. Ct. App. 2001). In this case, CEC admits that it was served with a copy of the amended complaint on or about December 12, 2016. (DE # 1 ¶ 3.) Clearly, notice of the legal action was timely conveyed to CEC. Accordingly, CEC's argument is rejected.

For the foregoing reasons, CEC's motion for judgment on the pleadings (DE # 32) is **DENIED.**

**SO ORDERED.**

Date: March 29, 2018

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT